IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICHARD GREENBERG AND ALLISON GREENBERG,** § § § | |
| Plaintiffs, § § | |
| v.  § | Civil Action No. **3:15-CV-3871-L** |
| § | |
| **WRIGHT NATIONAL FLOOD INSURANCE COMPANY,** § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Extra-Contractual Claims (Doc. 4), filed December 23, 2015. After considering the motion, response, pleadings, and applicable law, the court **grants** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Extra-Contractual Claims (Doc. 4).

I.   **Factual and Procedural Background**

On December 4, 2015, Plaintiffs Richard Greenburg and Allison Greenburg ("Plaintiffs") brought this action against Wright National Flood Insurance Company ("Defendant" or "Wright") for breach of contract with respect to their federal flood insurance policy and alleged violations of the Texas Insurance Code ("TIC") and Texas Deceptive Trade Practices Act ("DTPA"). Plaintiffs filed this action based on federal question jurisdiction, alleging that the "case is filed under the National Flood Insurance Program, and the National Flood Insurance Act of 1968 . . . and Federal Common Law." Pl.'s Orig. Pet. 1. Plaintiffs allege that they purchased federal flood insurance from

**Memorandum Opinion and Order - Page 1**

Wright for their property located in Ovilla, Texas. Plaintiffs allege that, after their home suffered flood damage, Wright paid for some repairs caused by the flooding but refused and failed to pay them for all flood damages sustained and claimed. Plaintiffs allege that, in failing to pay for all damages sustained as a result of the flooding, Wright breached the insurance policy. Plaintiffs contend that Wright's conduct, in failing to pay for all damages sustained as a result of the flooding, also violates the DTPA and TIC. Plaintiffs allege that they have suffered damages in excess of $400,000. In addition to actual damages, Plaintiffs seek to recover exemplary damages, attorney's fees pursuant to section 38.001 of the Texas Civil Practice and Remedies Code, prejudgment and postjudgment interest, and costs of court. Plaintiffs request a jury trial.

On December 23, 2015, Wright moved to dismiss all of Plaintiffs' claims, except for their breach of contract claim. Wright also contends that it is entitled to dismissal of Plaintiffs' requests to recover exemplary damages under the DTPA and TIC; attorney's fees under state law or the Equal Access Justice Act ("EAJA"); and prejudgment and postjudgment interest.

## II.     Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial

**Memorandum Opinion and Order - Page 3**

notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.   Analysis**

In its motion, Wright contends that Plaintiffs' extra-contractual claims and requests for exemplary damages, attorney's fees, and prejudgment and postjudgment interest are preempted and

barred by federal law. Plaintiffs' response focuses on whether they are entitled to recover attorney's fees. Plaintiffs contend that they are entitled to recover attorney's fees under state law if they prevail on their claims. Alternatively, they contend that they are entitled to recover attorney's fees under the EAJA.

The National Flood Insurance Act ("NFIA") created the National Flood Insurance Program ("NFIP") to provide affordable flood insurance on reasonable terms. *Spong v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 304 (5th Cir. 2015). The NFIP is administered and regulated by the Federal Emergency Management Agency ("FEMA"). *Id.* Private insurance carriers such as Wright that participate in the NFIP are referred to as Write-Your-Own Program carriers ("WYO carriers"). *See id.* The insurance policies that are issued by WYO carriers to NFIP participants are referred to as Standard Flood Insurance Policies ("SFIP"). "FEMA regulations govern the adjustment and payment of claims by WYO carriers and set the terms of the SFIP." *Id.* WYO carriers "perform key administrative functions, such as 'arrang[ing] for the adjustment, settlement, payment and defense of all claims arising from the policies.'" *Id.* (citation omitted). "When policyholders sue their WYO carriers for payment of a claim," these costs are generally reimbursed by FEMA.[*] *Id.*

It is well established that federal rather than state law governs disputes that arise from insurance policies issued under the NFIA. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005) (citing *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978)). The NFIA preempts extra-contractual claims based on state law and federal common law such as those asserted by Plaintiffs that pertain to or arise from "*claims handling* by a WYO" under a federal flood insurance

---

[*] Although not addressed by either party, the court notes that, in actions such as this against a WYO carrier, there is no right to a jury trial unless FEMA notifies of its intent not to defend or indemnify the WYO carrier. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012).

**Memorandum Opinion and Order - Page 5**

policy. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754, 757 (5th Cir. 2009); *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 393-98 (5th Cir. 2007). Accordingly, Plaintiffs' extra-contractual claims for alleged DTPA and TIC violations and their request to recover exemplary damages under the DTPA and TIC are preempted and barred. *See id.*

Plaintiffs' request to recover attorney's fees against Wright under state law or the EAJA is likewise barred. *See Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 289-90 (5th Cir. 2009) (reversing award of attorney's fees against WYO carrier under EAJA because the EAJA only applies to suits brought against the United States or an agency of the United States, and WYO carriers participating in the NFIP are not federal agencies even though they serve as fiscal agents of the United States); *West*, 573 F.2d at 881 ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the [NFIA] is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage.").

Finally, as correctly noted by Defendant, prejudgment and postjudgment interest is not recoverable against a WYO carrier. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012) (concluding that a plaintiff is not entitled to a jury trial against a WYO carrier based on the same reasoning that the Eleventh Circuit has held that prejudgment and postjudgment interest in WYO suits is precluded under the "no-interest rule") (quoting *Newton v. Capital Assurance Corp.*, 245 F.3d 1306, 1312 (11th Cir. 2001) ("the line between a WYO company and FEMA is too thin to matter for the purposes of federal immunities such as the no-interest rule"); see also *Ellis v. Allstate Ins. Co.*, No. H-02-4795, 2005 WL 1155060, at *6 (S.D. Tex. May 13, 2005) (reasoning that prejudgment and postjudgment interest is precluded in a suit against a WYO carrier for the same reason that interest cannot be awarded against FEMA because courts treat suits against a WYO

carrier as a suit against FEMA or the federal government). Accordingly, even if Plaintiffs prevail on their remaining breach of contract claim, Defendant is entitled, as a matter of law, to dismissal of Plaintiffs' extra-contractual claims under the DTPA and TIC, and their request to recover exemplary damages, attorney's fees, and prejudgment and postjudgment interest.

## IV. Conclusion

For the reasons stated, Plaintiffs fail to state a claim upon which relief can be granted as to their extra-contractual claims. Accordingly, the court **grants** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Extra-Contractual Claims (Doc. 4) and **dismisses with prejudice** Plaintiffs' extra-contractual claims under the DTPA and TIC, as well as their request to recover exemplary damages, attorney's fees, and prejudgment and postjudgment interest.

**It is so ordered** this 29th day of September, 2016.

*[signature]*

Sam A. Lindsay
United States District Judge